762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT E. STOKES, PLAINTIFF-APPELLANT,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-5505
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 Appeal from the United States District Court, Eastern District of Tennessee, Southern Division
 Before: KENNEDY and CONTIE, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the District Court's order affirming the Secretary's denial of plaintiff's claim for disability, disability insurance benefits and supplemental security income. Plaintiff was born December 4, 1940, has a fifth grade education and prior work experience as a security guard and laying floor covering. His disability claim is based primarily on his diabetes.
 
 
 2
 The Administrative Law Judge determined that although plaintiff's diabetes was probably disabling if uncontrolled, plaintiff failed to show that the disease was uncontrollable. Our review is limited to the issue of whether the ALJ's finding was supported by substantial evidence. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 3
 There is ample medical testimony to conclude that plaintiff made out a prima facie case of disability, which it is incumbent upon him to do. See Allen v. Califano, 613 F.2d 139 (6th Cir. 1980). Thereupon, the burden shifted to the Secretary to show that plaintiff is not disabled. See id. The Secretary attempted to meet this burden with the following testimony of William C. Dowell, M.D., who examined plaintiff at the Secretary's request:
 
 
 4
 It is my opinion that this man will have severe difficulty holding a regular job due to the brittle diabetic problem. Physicially he seems to be in good enough shape to carry on normal activities, however until his insulin is properly regulated so he can function without marked swings in his blood sugar and precipitous falls resulting in insulin reactions, I am sure he will not be employable. I feel that if the clinic is able to maintain his blood sugar at a regular level that he can be returned to a gainful job . . ..
 
 
 5
 We do not doubt that if plaintiff's diabetes is kept under control, he is employable. What is lacking, however, is substantial evidence that plaintiff's diabetes can be controlled. The only evidence which the Secretary can point to is a July 1980 hospital discharge summary which indicates that plaintiff's blood sugar was under control at the time he was discharged. The record, however, reveals that such control was short-lived. Two weeks later, and again four weeks later, plaintiff's blood sugar was out of control. There were subsequent hospitalizations in further attempts to control the diabetes. The record is replete with efforts to control it but it remains uncontrolled. The discharge summary is evidence only that plaintiff's diabetes was under control at one time, or, at most, that his diabetes may occasionally and unpredictably be controlled. The discharge summary does not constitute substantial evidence that plaintiff's blood sugar may be maintained at a regular level, allowing him to work. The ALJ's finding that plaintiff's diabetes 'is amenable to control' is not supported by substantial evidence.
 
 
 6
 The decision of the Administrative Law Judge is reversed and the case remanded to the District Court with instruction to remand to the Secretary for the award of benefits.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation